IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-00412-RMR-TPO

HETTICK CONTRACTORS, LLC,

      Plaintiff/Counterclaim Plaintiff,

v.

AMCO INSURANCE COMPANY,

      Defendant/Counterclaim Plaintiff.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Exclude Testimony of Plaintiff Retained Expert, David Herring (the "Motion"). ECF No. 126. Plaintiff filed a response, ECF No.173, and the Defendant filed a reply, ECF No. 174. The Motion is fully briefed and ripe for review. For the reasons outlined in this Order, the Motion to exclude is GRANTED in PART and DENIED in PART.

## I.     BACKGROUND

Non-party PTT Properties I, LLC ("PTT Properties") owns four commercial properties in Aurora, CO (the "Properties"). ECF No. 71 ¶ 11. PTT Properties is and was the beneficiary of a property insurance policy (the "Policy") covering the PTT Properties issued by Defendant, AMCO Insurance Company ("AMCO"). *Id.* ¶ 12. Plaintiff Hettick Contractors LLC (Hettick) is PTT Properties' contractor. *Id.* ¶ 20. Plaintiff received an

assignment of benefits from PTT Properties of the proceeds due under the Policy, plus any associated causes of action, including this lawsuit. *Id.* ¶ 60.

On or about July 5, 2019, a large hailstorm struck and damaged the Properties.[1] *Id.* ¶ 18. PTT Properties filed a claim with AMCO. *Id.* ¶ 20. AMCO hired an engineer to determine whether the TPO and EPDM roofing members were water-soaked and damaged by the recent hail. *Id.* ¶ 23. Using the engineer's findings, the adjuster sent PTT Properties a denial letter. *Id.* ¶ 24. In dispute in the case are the scope of hail damage and the cost of repair, as well as AMCO's handling of the Claim.

Plaintiff initiated this action on February 18, 2020. Plaintiff's complaint asserts claims for breach of contract and unreasonable delay and denial pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116. *Id.* ¶ 43. Plaintiff claims that the hailstorm severely damaged the Property, and that AMCO has denied payment of benefits needed to cover the total cost of repair to the Property without a reasonable basis. *Id.* ¶ 39.

## II.    LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Rule 702 imposes on the district court a "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)).

---

[1] The Motion, ECF No. 126, and other paragraphs of the Amended Complaint, ECF No. 71 ¶¶ 24, 53, indicate the hailstorm occurred on July 15, 2019 rather than July 5, 2019.

To perform that function, the court must perform "a two-step analysis." *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2022); *see also* *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). First, the court must determine whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *Roe*, 42 F.4th at 1180 (quoting Fed. R. Evid. 702). Second, if the expert is sufficiently qualified, the proffered opinions must be assessed for reliability. *Id.* at 1180–81; Fed. R. Evid. 702(b)–(d). The opinions are reliable if the proponent of a qualified expert witness demonstrates to the Court that it is "more likely than not" that (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact or issue;" (b) the expert testimony is "based on sufficient facts or data;" (c) the expert testimony "is the product of reliable principles and methods;" and (d) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

To demonstrate the reliability of an opinion that is based solely on an expert's experience, the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014) (quoting Fed. R. Evid. 702, advisory committee notes). Establishing reliability does not require showing that the expert's testimony is indisputably correct. *United States v. Pehrson*, 65 F.4th 526, 540 (10th Cir. 2023); *see also* *Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (discussing how the opinion is tested against the standard of reliability, not correctness). However, expert

testimony "may not be admitted unless the proponent demonstrates that it is more likely than not that the proffered testimony meets . . . the preponderance of the evidence standard that applies to most of the admissibility requirements set forth in the evidence rules." Fed. R. Evid. 702, advisory committee's note to 2023 amendments. If the court finds it more likely than not that the proponent demonstrates an expert has a sufficient basis to support an opinion and "that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence." *Id.*

Under Rule 702, a court must also ensure that the proffered testimony is relevant and will assist the trier of fact. *See id.* at 156; *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122–23 (10th Cir. 2006). "Relevant expert testimony must logically advance[ ] a material aspect of the case and be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (quotations and citations omitted). In assessing whether expert testimony will assist the trier of fact, a court should also consider "whether the testimony 'is within the juror's common knowledge and experience,' and 'whether it will usurp the juror's role of evaluating a witness's credibility.'" *Id.* at 476–77 (quoting *Rodriguez-Felix*, 450 F.3d at 1123).

## III.    ANALYSIS

Plaintiff has designated David Herring, a building consultant, estimator, umpire, and appraiser, as an expert to testify in the field of insurance industry standards. Defendant moves to strike Mr. Herring as an expert because he is generally unqualified

4

to opine on the matters addressed in his report, because he is "not a lawyer and has never adjusted insurance claims before." ECF No. at 126 at 2.

### A.    Legal Conclusions

AMCO argues that several of the opinions expressed in Mr. Herring's report involve improper legal conclusions as well as opinions that improperly invade the province of the jury. ECF No. 126 at 10. Mr. Herring's affirmative expert report is six pages long, ECF No. 126-2, and his rebuttal report is three pages long, ECF No. 3. Defendant provides 27 opinions of Mr. Herring, nearly as long as the report itself, which it argues crosses the line into a legal conclusion. Plaintiff agrees that "Mr. Herring cannot offer opinions as to what the law is [and] [a]s such, Plaintiff's counsel will limit Mr. Herring's testimony to whether AMCO violated insurance industry standards." ECF No. 173 at 2. Rather than parse Mr. Herring's expert report line-by-line, the Court will set forth broad guidelines that will govern Mr. Herring's testimony at trial.

"[A]n expert's testimony is not *per se* inadmissible simply because it requires discussion of the law." *Amica Life Ins. Co. v. Wetz*, No. 15-cv-1161-WJM-CBS, 2017 WL 897839, at *3 (D. Colo. Mar. 7, 2017). The Tenth Circuit has recognized that "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988). However, witness testimony that aims to "direct the jury's understanding of the legal standards upon which [its] verdict must be based" improperly usurps the role of the trial judge and is therefore inadmissible. *Id*. Thus, opinions that merely rephrase the pertinent legal standards and express the expert's beliefs regarding

the legal rights and obligations of the parties are not admissible because they usurp the role of the judge and are not helpful to the jury. *Pacheco v. State Farm Mut. Auto. Ins. Co.*, No. 23-CV-00305-NYW-SBP, 2024 WL 3834166, at *10 (D. Colo. Aug. 15, 2024) ("While Mr. Seigal will be permitted to testify about insurance industry standards and explain why he believes State Farm departed from those standards, he is not permitted to opine about whether State Farm acted reasonably, whether State Farm acted in bad faith, what State Farm was or was not legally obligated to do, or whether State Farm complied with its legal obligations.") (citation omitted); *Wise v. USAA Cas. Ins. Co.*, No. 22-CV-01694-REB-STV, 2024 WL 6100421, at *4 (D. Colo. June 27, 2024) ("Mr. Seigal may not testify as to whether, in his opinion, the conduct of USAA was unreasonable as a matter of law or was in violation of any statute. [] Mr. Seigal may explain how claims are generally handled in the insurance industry, including by discussing the standards for timely investigations, reservations of rights, and coverage decisions, and can explain the facts that he believes demonstrate that USAA departed from those standards or fell short of them."). Accordingly, for the same reasons articulated in *Pacheco* and *Wise*, the Court will exclude Mr. Herring's "opinions that Defendant's conduct was unreasonable or insufficient as a matter of law, or was in violation of any statute. [H]e is unqualified to offer such opinions as a matter of legal expertise and such ultimate conclusions would not be helpful to the jury and would improperly intrude on its fact-finding function." *Marion v. Am. Fam. Mut. Ins. Co., S.I.*, No. 22-CV-1330-WJM-JPO, 2024 WL 3400486, at *2 (D. Colo. July 12, 2024) (citations omitted). "[Mr. Herring] may offer testimony articulating what []he

believes to be the relevant industry standards, and explaining—factually—how Defendant's conduct did or did not comport with those standards." *Id.*

The Court directs Plaintiff to ensure that Mr. Herring's testimony conforms to the guidelines outlined above. Accordingly, this portion of the Motion is granted to the extent explained above.

## B.      Reliability

Next, Defendant seeks to exclude the "entirety of Mr. Herrings opinions" "because they are not based on sufficient facts and are not the product of reliable principles and methods" and are "the type of ipse dixit that courts refuse to accept." ECF No. 126 at 14-15. Plaintiff counters that Mr. Herring "provides detailed reasons for his opinions," which include "the importance of advanced diagnostic methods that AMCO failed to utilize, as well as AMCO's dismissal of documented water intrusion and hail impacts." ECF No. 173 at 7.

An insurance industry expert's methodology has been deemed reliable when the expert "explains what he knew of insurance industry standards and practices based on his experience, explains the facts and evidence he reviewed in the case," and opines on how the insurer's handling of the plaintiff's claim "fell short of the relevant industry standards or differed from handling of similar claims in his experience." *George v. Metro. Prop. & Cas. Ins. Co.*, No. 18-cv-01663-PAB-SKC, 2020 WL 70424, at *13 (D. Colo. Jan. 2, 2020) (quoting *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 925 (D. Colo. 2017)) (cleaned up). Expert testimony "must be supported by appropriate validation—i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590. "Nothing in either *Daubert*

7

or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Mooring Cap. Fund, LLC v. Phoenix Cent., Inc.*, No. 5:06-cv-00006-HE, 2009 WL 4263359, at *5 (W.D. Okla. Feb. 12, 2009) ("[A]n expert's opinions are not admissible merely because the expert says, in effect, 'trust me, I know.'"). "[C]onclusory opinions, which require blind acceptance of the expert's *ipse dixit*, are never helpful." *Huang v. Marklyn Grp. Inc.*, No. 11-cv-01765-REB-BNB, 2014 WL 3559367, at *5 (D. Colo. July 18, 2014).

The record reflects Mr. Herring has experience as a claims adjuster, providing estimating services for property damage, and investigating insurance claims. Mr. Herring is qualified to opine on hail damage to roof systems and the cost to repair such damage. He appears qualified to provide opinions regarding the cause of damage and the diagnostic methods used in the industry to detect water damage. Defendant also argues that Mr. Herring's report is not reliable because he opines that the engineering report from January 20, 2020, did not address the ongoing leaks and water intrusion issues when the Defendant argues it did. ECF No. 174 at 4. The Defendant is free to point out inconsistencies in Mr. Herring's report or that his opinions should be afforded less weight than the expert opinions proffered by its expert. It will be up to the jury to determine which expert to believe. Defendant has not given the Court any reason to wholesale exclude Mr. Herring's non-legal opinions at this stage. Therefore, Defendant's Motion is denied to the extent it seeks to preclude Mr. Herring from testifying.

## IV.    CONCLUSION

For the reasons set forth herein, it is ORDERED as follows:

1)  Defendant's Motion to Exclude Testimony of Plaintiff's Retained Expert, David

    Herring,  ECF  No.  126,  is  GRANTED  in  PART  and  DENIED  in  PART,  as

    outlined in this Order.

DATED: March 30, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

9